# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                )
      v.              )      ID No. 1210019908
                )
ERIC HOLMES,          )
          Defendant.     )

Date Submitted: February 27, 2015
Date Decided: March 12, 2015

## ORDER GRANTING ERIC HOLMES' MOTION
## FOR APPOINTMENT OF COUNSEL

This 12th day of March 2015, upon consideration of the Motion for Appointment of Counsel ("Motion") filed by Defendant, Eric Holmes; Rule 61 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1. In July 2013, a jury found Defendant guilty of Possession Firearm by a Person Prohibited. Defendant was represented by counsel at the two-day trial. The Court revoked Defendant's bail and ordered a presentence investigation. Soon thereafter, numerous post-trial motions were filed and Defendant appealed to the Delaware Supreme Court. The Supreme Court dismissed Defendant's appeal and the Court proceeded to sentencing.

2. On May 16, 2014, the Court granted the State's motion to declare Defendant a habitual offender pursuant to 11 *Del. C.* §4214(a) and sentenced Defendant to 16 years of incarceration.

3. Defendant appealed to the Delaware Supreme Court. The Supreme Court affirmed the judgment of this Court by Order dated January 29, 2015.

4. On February 24, 2015, Defendant filed a motion for a reduction of his sentence, which the Court denied on March 4, 2015.

5. On February 27, 2015, Defendant filed the pending motion for counsel to assist Defendant with a future motion for postconviction relief.

6. Superior Court Criminal Rule 61(e) governs the appointment of counsel in all pending and future postconviction proceedings.[1] Upon a defendant's timely request, the Court shall appoint counsel for first postconviction relief motions where the defendant seeks to set aside "a judgment of conviction after trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 Del. C. § 4205(b)."[2]

7. Defendant's Motion asserts his intentions to seek postconviction relief from the 2013 jury conviction of Possession of a Firearm by a Person Prohibited ("PFPP"). Pursuant to 11 *Del. C.* § 1448(c), PFPP is a class D felony unless the

---

[1] *See Flamer v. Chaffinch*, 827 F. Supp. 1079, 1083-84 (D. Del. 1993), *aff'd sub nom. Flamer v. Delaware*, 68 F.3d 710 (3d Cir. 1995).
[2] Super. Ct. Crim. R. 61(e)(1)(i).

prohibited person is subject to increased sentencing under subsection (e) in which case PFPP becomes a class C felony.

9. Defendant qualified for increased sentencing under § 1448(e)(1) because of Defendant's status as a prohibited person and his previous conviction of a violent felony.[3] Accordingly, Defendant's 2013 jury conviction of PFPP, from which he intends to seek postconviction relief, is a class C felony and Defendant is entitled to appointment of counsel to pursue his first motion for postconviction relief.

**NOW, THEREFORE, on this 12th day of March 2015, Defendant Eric Holmes' Motion for Appointment of Counsel is hereby GRANTED.**

**IT IS SO ORDERED.**

_____
**The Honorable Andrea L. Rocanelli**

---

[3] Defendant was convicted of Assault Second Degree, a violent felony under 11 *Del. C.* § 4201(c), on July 3, 2007.